**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMAR J. DRAPER,

     Petitioner - Appellant,

v.

JIMMY MARTIN,

     Respondent - Appellee.

No. 20-6163
(D.C. No. 5:18-CV-01195-R)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Jamar Draper, an Oklahoma state prisoner appearing pro se, requests a certificate of appealability (COA) so that he may appeal the district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Because Draper has failed to make a substantial showing of the denial of a constitutional right, we deny his request for a COA and dismiss the matter.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

A

In the early morning hours of May 1, 2009, Draper and two other individuals, Douglas Hendrix and Corey Moreland, went to a home in Langston, Oklahoma, where Claude Sandles and Marcus Whitfield lived. Sandles allegedly owed $100 to LaDonna Cotton, the mother of Draper's children, for a cell phone that Cotton gave to Sandles. Draper, Hendrix, and Moreland disguised themselves with ski masks or pantyhose over their faces (the record indicates that two of the men wore ski masks and the third used pantyhose; the record does not identify whether Draper wore a ski mask or the pantyhose). The three men (hereinafter the three assailants) were each armed with a firearm.

At approximately 1:30 a.m., the three assailants kicked in the front door and entered the home. Between 1:30 a.m. and 4:00 a.m., the three assailants held Sandles, Whitfield, and their two female companions, L.B. and T.N., against their will at gunpoint. During that time, the three assailants bound and severely beat Sandles and Whitfield. The three assailants also repeatedly raped and sodomized L.B. and T.N. During the course of the siege, the three assailants also searched the home for money and valuable items, and robbed Sandles, Whitfield, and L.B. of personal items. The three assailants also told the four victims that only two of them would survive the night. The siege ultimately ended when either Draper or Moreland accidentally shot Hendrix. That prompted the three assailants to leave the house and allowed the four victims to escape and call the police.

2

B

On May 2, 2009, Draper was taken into custody and admitted, in part, to his role in the offenses. Draper was subsequently charged in the District Court of Logan County, Oklahoma, with multiple offenses.

On October 4, 2010, Draper pleaded guilty to one count of burglary in the first degree, one count of conjoint robbery with a firearm, one count of assault with a dangerous weapon while masked, four counts of first degree rape, three counts of forcible sodomy, one count of possession of a firearm during commission of a felony, one count of conspiracy, two counts of sexual battery, and one count of kidnapping.

The state trial court sentenced Draper to: (1) twenty-five years' imprisonment, with all but the first fifteen years suspended, on the burglary, robbery, and rape convictions; (2) twenty years' imprisonment, with all but the first fifteen years suspended, on the forcible sodomy convictions; (3) ten years' imprisonment on the possession of a firearm, kidnapping, and one of the conspiracy convictions; and (4) five years' imprisonment on the assault with a dangerous weapon and remaining two conspiracy convictions. The state trial court ordered all of the sentences to run concurrently.

On October 14, 2010, Draper moved to withdraw his guilty plea. That motion was denied by the state trial court on November 12, 2010, after a hearing.

Draper did not file a direct appeal. On August 31, 2012, Draper filed a pro se application for state post-conviction relief alleging that his trial counsel was ineffective and that he was coerced into pleading guilty. The state trial court denied Draper's motion

3

by written order on November 16, 2012. In doing so, the state trial court found that Draper entered his pleas of guilty knowingly and voluntarily, and that Draper was not coerced into entering his guilty pleas. The state trial court also concluded that Draper's trial counsel was not ineffective.

Draper appealed to the Oklahoma Court of Criminal Appeals (OCCA). In that pro se appeal, Draper raised the following issues, several of which were not included in his original application for state post-conviction relief: (1) the state trial court abused its discretion by denying Draper's motion to withdraw his guilty plea; (2) Draper's Double Jeopardy rights were violated when he was convicted of and sentenced for two crimes, first degree burglary and conjoint armed robbery, that covered the same criminal conduct; (3) his trial counsel was ineffective and coerced him into pleading guilty by telling him that he would receive four life sentences if he went to trial; (4) his sentences were excessive because he was only an accessory to many of the crimes; (5) he was charged with sex offenses that he did not personally commit; (6) prosecutorial misconduct; and (7) "[g]uilt [b]y [a]ssociation." ECF No. 34-5 at 6. The OCCA declined jurisdiction over the appeal on the grounds that it was untimely (i.e., that it "should have been filed . . . on or before December 16, 2012, but was not filed until January 9, 2013"). ECF No. 34-6 at 1.

In April 2013, Draper filed a second application for state post-conviction relief with the state trial court. In that application, Draper argued that (1) he was denied the right to withdraw his guilty plea, (2) his trial counsel was ineffective and misled him into pleading guilty, and (3) the state trial court abused its discretion by refusing to allow him

4

to withdraw his guilty plea. On January 17, 2014, the state trial court denied Draper's second application as procedurally barred.

On February 2, 2014, Draper filed with the state trial court a third application for state post-conviction relief and a motion for appeal out of time. On June 18, 2015, the state trial court granted Draper's application and recommended that he be allowed to file an appeal out of time with the OCCA. On August 6, 2015, the OCCA granted Draper's request for a certiorari appeal out of time.

On January 26, 2016, Draper, through appointed counsel, filed a petition for writ of certiorari with the OCCA. Draper asserted four propositions of error in his petition: (1) that there was an insufficient factual basis for his guilty plea; (2) his guilty plea was not knowingly and voluntarily made; (3) his convictions for conjoint robbery with a firearm, assault with a dangerous weapon, and possession of a firearm during commission of a felony violated the prohibition against double punishment; and (4) his trial counsel was ineffective in several respects in encouraging him to enter a plea of guilty. On August 12, 2016, the OCCA issued a summary opinion denying Draper's petition and affirming the judgment and sentence of the state trial court.

On June 26, 2017, Draper filed with the state trial court a fourth pro se application for state post-conviction relief arguing that: (1) his convictions for rape, forcible sodomy, burglary in the first degree, and conjoint robbery with a firearm violated the prohibition against double punishment for the same criminal conduct; (2) he was actually innocent of the sex offenses; (3) his due process rights were violated because his trial counsel was ineffective and because the DNA evidence related to the sex offenses was inconclusive;

5

and (4) the state trial court coerced his confession.  The state trial court denied the application, concluding that (1) the doctrine of res judicata barred claims that were raised or could have been raised in Draper's direct appeal, and (2) Draper provided no substantive evidence to support his claim of actual innocence.

On June 22, 2018, Draper filed a pro se petition in error with the OCCA.  On September 24, 2018, the OCCA issued a written order affirming the state trial court's denial of post-conviction relief.  The OCCA noted that "Draper's claims of double jeopardy, that he was convicted of crimes that he did not actually commit, and that his pleas were coerced were all addressed on direct appeal and are barred from further consideration by res judicata."  ECF No. 34-20 at 4.  As for Draper's claim of DNA exoneration, the OCCA noted that his "convictions for the charged sexual offenses were based upon his conjoint criminal liability, and his participation in aiding and abetting his co-defendants in committing the charged crimes."  *Id*. at 4-5.

C

On December 10, 2018, Draper initiated these proceedings by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Ground One of the petition alleged a double jeopardy violation arising from Draper being "charged twice for one act of crime."  ECF No. 1 at 6.  Ground Two alleged that Draper was actually innocent of the sex offenses that he pleaded guilty to.  Ground Three alleged that "[m]ultiple violations of due process resulted in convictions and sentences that were unlawful and void."  *Id*. at 9.  In support of Ground Three, Draper alleged that he "had no effective counsel," he was "serving an illegal sentence" because he was "guilty by

6

association," and the "D.N.A. [was] inconclusive," meaning that "he "shouldn't [have] been charged of sex offenses." *Id*. Ground Four alleged that his confession was coerced and his guilty plea was involuntary.

On April 2, 2019, the magistrate judge issued a report and recommendation recommending that Draper's petition be dismissed without prejudice as a mixed petition containing both exhausted and unexhausted claims.

Draper responded by filing an amended petition. Ground One of the amended petition alleged a double jeopardy violation arising out of his convictions for burglary in the first degree and conjoint robbery. ECF No. 18 at 6. Ground Two alleged that Draper was actually innocent of the rape charges. Ground Three alleged that Draper's trial counsel was ineffective for failing to argue that Draper was actually innocent of the rape charges. Ground Four alleged that Draper's guilty plea was coerced by his trial counsel and the state trial court.

The district court ultimately denied all four grounds for relief by way of two written orders after consideration of supplemental reports and recommendations issued by the magistrate judge on June 14, 2019, October 16, 2019, and August 13, 2020, respectively. In the first order, issued on February 24, 2020, the district court concluded that Grounds Two and Three lacked merit. With respect to Ground Two, the district court concluded that a claim of actual innocence "cannot, by itself, support the granting of a writ of habeas corpus." ECF No. 42 at 5 (citing *LaFevers v. Gibson*, 238 F.3d 1263, 1265 n.4 (10th Cir. 2001)). With respect to Ground Three, the district court concluded that the OCCA rejected this claim as procedurally barred and that Draper "fail[ed] to

7

demonstrate cause and actual prejudice or a fundamental miscarriage of justice to overcome the procedural bar." *Id.* In its second order, issued on October 7, 2020, the district court concluded that Grounds One and Four also lacked merit. With respect to Ground One, the district court concluded that Draper waived this claim by pleading guilty to the crimes and that, in any event, the claim lacked merit when considered in light of Oklahoma law defining the crimes of burglary and conjoint robbery with a firearm. With respect to Ground Four, the district court concluded that it was "apparent from the record that [Draper] was not satisfied with the sentence he received, and in hindsight, that is after sentencing, he challenged the voluntary nature of his decision to plead guilty because of his dissatisfaction." ECF No. 65 at 3-4. Further, the district court noted, Draper's "answers during the plea colloquy belie[d] his contention that his plea was not knowingly and voluntarily made." *Id.* at 4.

The district court denied Draper a COA and entered final judgment in the case on October 7, 2020. Draper filed a notice of appeal on October 19, 2020, and has since filed an application for COA with this court.

II

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." Buck v. Davis, 137 S. Ct. 759, 773 (2017). "Federal law requires that he first obtain a COA from a circuit justice or judge." Id. (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a state prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to "sho[w] that reasonable jurists could debate whether (or, for

8

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, the prisoner must show that the district court's resolution of the claims was "debatable or wrong." *Slack*, 529 U.S. at 484. When a district court dismisses a § 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Id*. at 484-85.

Draper fails to meet these standards. In his application for COA, Draper simply repeats the conclusory allegations of error that were contained in his amended habeas petition, and otherwise makes no effort to establish that the district court's resolution of those claims was debatable or wrong. Moreover, we have reviewed the record in this case, including the pleadings filed by the parties in the district court, the magistrate judge's reports and recommendations, and the district court's orders denying the claims contained in Draper's amended petition. Nothing in the record persuades us that reasonable jurists could debate whether any of the four claims asserted by Draper should have been resolved in a different manner or are otherwise adequate to deserve encouragement to proceed further.

The application for COA is therefore DENIED and the matter is DISMISSED.

Draper's motion to proceed in forma pauperis is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge